[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #122
This case arises from an automobile accident which occurred on December 22, 1989. The plaintiffs have sued Edward A. O'Keefe alleging that his negligence caused the accident and claiming money damages for personal injuries suffered by John LeBrocq, Jr., and loss of consortium as to April LeBrocq.
On September 5, 1991 the defendant, O'Keefe, served a third-party complaint on the third-party defendant, Janet A. Rainey, alleging that she was negligent in the operation of a motor vehicle and that her negligence caused the plaintiffs' injuries and losses. The third-party complaint has withstood a motion to strike apparently on the basis that it seeks neither contribution nor indemnity but rather the inclusion of the third-party defendant as a party for the purpose of allocation of percentages of negligence pursuant to 52-572h(c) of the Conn. Gen. Stats. The plaintiffs have not filed a direct claim against the third-party defendant.
Since no direct claim has been filed by the plaintiffs against the third-party defendant within two years of the date of the accident, the third-party defendant seeks a judgment declaring, in effect, that the plaintiffs have no viable claim against the third-party defendant and thus the third-party defendant cannot be directly liable to the plaintiffs for money damages.
However since there is no complaint or claim running directly between the plaintiffs and the third-party defendant, there is no claim in existence upon which to enter such a judgment. What the third-party defendant is seeking is, in effect, a declaratory judgment stating that the plaintiffs are now time-barred from asserting a direct claim for money damages against the third-party defendant.
Since the sought after relief would be inappropriate, the motion for summary judgment is denied.
Bruce W. Thompson, Judge CT Page 9576